RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ___8 / 16 / 13___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT ANDREW REED                    DOCKET NO. 13-CV-1263; SEC. P

VERSUS                                JUDGE DEE D. DRELL

WARDEN                                MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Robert Andrew Reed.  Petitioner is an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana.  He claims that Officer M. Gauthier has committed criminal fraud by unlawfully confiscating Petitioner's "legal property" and "legal mail" and also by destroying his other personal property.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner asks that the Court conduct a hearing and order the defendants to show cause for confiscating Reed's property. He also requests a criminal investigation and a transfer to another facility.

### Law and Discussion

Section 2241 of Title 28 of the United States Code is the general habeas corpus statute. It provides jurisdiction over petitions alleging that a prisoner is "in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for a writ of habeas corpus under §2241 may be used to challenge the manner in which a sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 877-88, 900-01 (5th Cir. 2001) Habeas relief under section 2241 may also be appropriate when the remedy provided under section 2255 is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

In this case, Petitioner does not challenge the manner in which his sentence is being executed, and he does not allege that 2255 is inadequate or ineffective. He does not seek a speedier release from custody in this particular petition. He seeks a court order instructing the Defendants to return Reed's personal property; he seeks monetary reimbursement for property not returned; he seeks a transfer from USP-Pollock, and he seeks an FBI investigation. None of these forms of relief are available by way of a Section 2241 petition. Thus, it is clear that Plaintiff fails to state a claim under 28 U.S.C. § 2241. This is the second time that Reed has filed an improper Section 2241 petition in this District Court. He has been instructed regarding the purpose of a Section 2241 petition. If he continues to file meritless suits, he could face sanctions.[1]

_____

[1]In the past thirteen years, Reed has filed at least fifty one habeas and/or civil rights lawsuits in the United States District Courts.

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2]See U.S.C.S. §2254 PROC.R. 4(b) (West 2008) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); U.S.C.S. §2254 PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").